UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'KEEFFE's, et al., | No. C 05-2715 CRB  (JL) |
| Plaintiffs, | |
| v. | **ORDER TO COMPLY WITH SUBPOENAS** |
| ALLCO MILLWORK, et al., | **(Granting Docket #s 41 and 42)** |
| Defendants. | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. Plaintiff, a manufacturer of fireproof and fire-resistant glazing for buildings, sues Defendants for patent infringement, among other causes of action. Jury trial is scheduled to begin December 4, 2006.

Plaintiffs' motion to compel compliance with subpoena by nonparties Firedoor Consulting and FRG2000 came on for hearing. Mark Schickman appeared for Plaintiffs. Richard Barrett appeared by telephone on behalf of Allco Millworks and Jeremy Glass, the owner of FRG2000, Inc., although Mr. Barrett does not represent FRG2000, Inc. Robert Flores, principal of Firedoor Consulting, appeared by telephone in pro per.

The Court considered the moving and opposing papers and the arguments of counsel and parties and hereby grants the motion. Firedoor Consulting's principal, Robert

1  Flores, shall appear for deposition as noticed and shall file and serve a declaration under
2  penalty of perjury describing his efforts to comply with Plaintiffs' subpoena, what he
3  produced to Plaintiffs and what if anything he will produce in the future and his good faith
4  belief as to the whereabouts of any additional responsive documents which may have at
5  one time been in his possession.

6  FRG2000, Inc. through its principal, Defendant Jeremy Glass, shall serve and file an
7  equivalent declaration under penalty of perjury providing the same information. Compliance
8  shall be due within two calendar weeks of the e-filing of this order.

9  Sanctions ruling is reserved, pending compliance with the Court's order.

## Background

Allco contends it was hired to purchase and install glazing for a project at 201 N. Crescent Drive, in Beverly Hills, California. Plaintiffs contend the contract documents specified O'Keeffe's product for that construction project, which required glazing which met both safety and fire-rating requirements. Allco requested that O'Keeffes provide it with technical data about its glazing to comply with the specifications. O'Keeffe's gave the data to Allco, to facilitate the bid. O'Keeffe's also told Allco that the glazing was patented by O'Keeffe's.

O'Keeffe's contends that, after receiving the technical data, Allco knowingly and intentionally copied O'Keeffe's manufacturing techniques and supplied its own glazing instead of O'Keeffe's on the project at 201 N. Crescent Drive. The glazing was provided by FRG2000, Inc. ("FRG" stands for "fire-rated glazing.") Defendant Jeremy Glass is the owner of FRG2000, Inc. Plaintiffs contend that Glass has testified that FRG was created for the purpose of testing fire-resistant glazing and that FRG2000, Inc. tested glazing for the Crescent Drive project.

O'Keeffe's alleges that Allco represents its own glazing as having a valid and recognized listing as a fire and safety-rated product when in fact it does not qualify.

1    Defendants deny that O'Keeffe's product was specified for the Crescent Drive
2 project, that they received product specifications from O'Keeffe's or that they intentionally
3 copied any O'Keeffe's products. Defendants assert that they do not manufacturer glazing
4 products.
5    First Claim for Relief - O'Keeffe's sues Allco and its owner Jeremy ("Jerry") Glass for
6 infringement of U.S. Patent No. 5,910,620 under 35 U.S.C. §271.
7    Second Claim - False Advertising and Unfair Competition, 15 U.S.C. §1125(a)
8    Third Claim - Misappropriation of Trade Secrets - Cal. Civil Code §3426 et seq.
9    Fourth Claim - Unfair Business Practices - Cal. Business & Professions Code
10   §17200 et seq.
11   Fifth Claim - California Unfair Business Competition
12   O'Keeffe's seeks declaratory relief that its patent is valid and enforceable, and that
13 Allco has infringed one or more of its claims. It also seeks an injunction that Defendants
14 refrain from further infringement. It also seeks compensation for its damages as a result of
15 Defendants' infringement, false advertising, unfair competition and misappropriation of
16 trade secrets. It seeks treble damages for willful infringement, as well as costs,
17 prejudgment interest, return of unjust enrichment and disgorgement of profits and whatever
18 other relief the Court finds valid.

### This Motion

20   O'Keeffe's moves to compel responses to its April 2006 subpoena issued to Firedoor
21 Consulting and FRG 2000, not parties to this case. (Schickman Decl., Ex. B). O'Keeffe's
22 has reason to believe that Firedoor conducted testing for the glazing on the Crescent Drive
23 project and that FRG2000, Inc. was paid for testing and has documents responsive to
24 Plaintiffs' subpoena.  The subpoena is extremely broad, requesting, for example, "All
25 documents relating to Defendants." It also asks for all documents related to Western Fire
26 Center's testing of the glazing on the Crescent Drive project and documents related to
27 approval of the glazing on the Crescent Drive project by the City of Beverly Hills and all
28

1  communications with the City of Beverly Hills about the project. These categories are
2  reasonable and relevant.
3      O'Keeffe's seeks sanctions for its attorney fees (Decl. Of Mark Schickman at p 16.)
4      Firedoor responded to O'Keeffe's letters and e-mails that it doesn't't have anything
5  related to Allco Millwork or Jeremy Glass, or in the alternative that it turned over all its
6  reports to FRG2000, Inc. Firedoor's owner, Robert Flores, contends that he does not
7  maintain any records concerning Western Fire Center, FRG2000, Inc., the Beverly Hills
8  Building Department or 201 N. Crescent Drive. He told O'Keeffe's that "shipping and
9  payment to Western Fire Center and the shippers was handled by FRG2000, Inc."

## Conclusion

11  The Court considered the moving and opposing papers and the arguments of
12  counsel and parties and hereby grants the motion. Firedoor Consulting's principal, Robert
13  Flores, shall appear for deposition as noticed and shall file and serve a declaration under
14  penalty of perjury describing his efforts to comply with Plaintiffs' subpoena, what he
15  produced to Plaintiffs and what if anything he will produce in the future and his good faith
16  belief as to the whereabouts of any additional responsive documents which may have at
17  one time been in his possession. FRG2000 through its principal, Defendant Jeremy Glass,
18  shall serve and file an equivalent declaration under penalty of perjury providing the same
19  information. Compliance shall be due within two calendar weeks of the e-filing of this order.
20  Sanctions ruling is reserved, pending compliance with the Court's order.
21      IT IS SO ORDERED.
22  DATED: October 5, 2006

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-2715\ord-41,42.wpd